## RODNEY v. HOSKINS.

### December 19, 1840.

*Demurrer.*

In order to enable a defendant in an action on a recognisance of special bail, or a bail-bond in the nature of special bail, under the act of 13th June, 1836, relating to the commencement of actions, to avail himself of the fact that the *capias ad satisfaciendum* against the original defendant was not issued and delivered to the sheriff four days (exclusive of Sunday) before the return of that writ, he must move the court to quash the writ against him. It constitutes no defence, when an issue is raised either in law or in fact in the action against the bail.

THIS was an action on a recognisance of special bail, to the

[a] See Bryan *v.* Comly, in this volume.

[Rodney v. Hoskins.]

action on which the plaintiff declared in the usual form. The defendant filed several pleas, to which the plaintiff demurred. The main question was, whether the *capias ad satisfaciendum* against the original defendant not having been issued and delivered to the sheriff four days (exclusive of Sunday) before the return day of the writ, the bail could take defence to this action against him, or whether to avail himself of this, he should not have moved to quash the writ.

*Ingraham*, for plaintiff, cited 6 *Johns.* 117 ; 2 *Ld. Ray.* 1176 ; 2 *Salk.* 602 ; 1 *Wils.* 334 ; 1 *Dowl. & Ry.* 68 ; 5 *ibid.* 615 ; (16 *E. C. L. R.* 18, 244 ;) *Tidd's Pr.* 1128 ; 7 *B. & C.* 806.

*Lex*, contra, cited Johnson *v.* Rea, 1 *Miles* 159.

Per Curiam.—The defendant, in an action on a recognisance of special bail, or bail-bond, (according to the act of 1836, relating to the commencement of actions,) which is the nature of special bail, may avail himself of the fact that the *capias ad satisfaciendum* against the original defendant had not been issued and delivered to the sheriff four days (exclusive of Sunday) before the return day of the writ. But to avail himself of this, by the practice, the defendant (the bail) must move the court to quash the writ against him. If he omits to do this, and an issue is raised in law or in fact, without motion to the court as designated, judgment must be rendered against him, and this is the uniform rule of all the cases. The case of Johnson *v.* Rea, (1 *Miles* 159,) which has been relied on by the defendant's counsel, was determined on the naked question presented by the counsel, who did not advert to this point. The general principle then ruled was correct, but the objection now raised was not presented. Had it been adverted to, we should not have rendered judgment for the defendant.

Judgment for plaintiff.